

ENTERED
11/01/2010

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| KEVIN W. LANGEN, | ) | CASE NO. 09-36714-H3-13 |
| | ) | |
| Debtor, | ) | |
| | ) | |

## MEMORANDUM OPINION

The court has considered the "Motion for Appointment of Counsel" (Docket No. 92) filed by Kevin W. Langen.  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered denying the motion without prejudice.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Kevin W. Langen ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on September 9, 2009.  William E. Heitkamp is the Chapter 13 Trustee.

Ryan Hawkins filed a proof of claim, asserting a claim in the amount of $2,964.42.  Hawkins asserted that the entire amount of the claim is entitled to priority, and asserted that $1,282.00 of the claim is secured by an interest in real property.  (Claim No. 7).

On January 27, 2010, Debtor objected to Hawkins' claim, asserting that the claim was discharged in Debtor's previous Chapter 7 case, Case No. 09-31957-H3-7, and that the claim is not entitled to priority or secured status.

On June 4, 2010, Debtor's counsel filed a declaration indicating that Hawkins is covered by the Servicemembers' Civil Relief Act ("SCRA"), 50 App. U.S.C. 501 et seq.  (Docket No. 71).

There was no appearance by Hawkins at the hearing initially set on Debtor's objection to Hawkins' claim.

In the instant motion, Debtor seeks appointment of an attorney to represent Hawkins.  Based on the language of the proposed form of order submitted by Debtor with the instant motion, Debtor is seeking that the court request of the Houston Volunteer Lawyers Program, a local organization which provides for referrals of matters to be handled on a pro bono basis by attorneys, that it help to locate counsel to undertake the representation of Hawkins on a pro bono basis.

## Conclusions of Law

The instant case involves a question of first impression regarding the appointment of counsel to represent a creditor covered under the SCRA in connection with an objection to the creditor's proof of claim filed in a bankruptcy case.

The purpose of the SCRA is to "to provide for, strengthen, and expedite the national defense through protection

extended by this Act to service members of the United States to enable such persons to devote their entire energy to the defense needs of the Nation."  50 App. U.S.C. § 502.

>Under 50 App. U.S.C. Section 521(b)(2), the court:
>
>>may not enter a judgment until after the court appoints an attorney to represent the defendant.  If an attorney appointed under this section to represent a servicemember cannot locate the servicemember, actions by the attorney in the case shall not waive any defense of the servicemember or otherwise bind the servicemember.

50 App. U.S.C. § 521(b)(2).

The SCRA does not address the questions of how counsel is to be appointed for a servicemember, or whether and how such counsel is to be compensated.  In Barnes v. Winford, 833 P.2d 756 (Colo. App. 1991), the court determined that plaintiffs who sought to recover real property through adverse possession were required to pay the fees of counsel appointed to represent the defendants pursuant to the Soldiers & Sailors Civil Relief Act (the precursor to the SCRA currently in effect).

In the instant case, Debtor has not offered to pay for counsel to be appointed for Hawkins, and this court will not accept Debtor's suggestion that the court invite a local charitable organization to do so.  The court concludes that the instant motion should be denied without prejudice.

Based on the foregoing, a separate Judgment will be entered denying without prejudice the "Motion for Appointment of

Counsel" (Docket No. 92) filed by Kevin W. Langen.

Signed at Houston, Texas on November 1, 2010.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE